| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1.  Debtor's Name**

**Venator France SAS**

**2.  All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**Huntsman P&A France SAS**

**3.  Debtor's federal Employer Identification Number (EIN)**

<u>N/A</u>

**4.  Debtor's address**

**Principal place of business**

**1 Rue des Garennes**
Number          Street

**62-Pas de Calais**

**Calais, 62100, France**
City                          State       Zip Code

County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                          State       Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                          State       Zip Code

**5.  Debtor's website (URL)**

https://www.venatorcorp.com

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Venator France SAS** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2819**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| | | | MM/DD/YYYY | | |
| District | | When | | Case number | |
| | | | MM/DD/YYYY | | |

| Debtor | **Venator France SAS** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of Texas** | When | **05/14/2023** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

|  |  |
|---|---|
| Number | Street |

|  |  |  |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor   **Venator France SAS**                                    Case number *(if known)* _____
_____
Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __**05/14/2023**__
                        MM/ DD / YYYY

**✗**   __*/s/ Kurt Ogden*__                              **Kurt Ogden**
      Signature of authorized representative of debtor      Printed name

Title   __**Authorized Signatory**__

| 18. Signature of attorney | **✗**   __*/s/ Matthew D. Cavenaugh*__              Date   __**05/14/2023**__ |
|---|---|
| | Signature of attorney for debtor                          MM/DD/YYYY |

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number                          Street

**Houston**                                    **Texas**          **77010**
City                                            State            ZIP Code

**(713) 752-4200**                              **mcavenaugh@jw.com**
Contact phone                                  Email address

**24062656**                                    **Texas**
Bar number                                      State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br> <strong>Southern District of Texas</strong><br>(State) </td></tr>
<tr><td>Case number <em>(if known)</em>: _____</td><td>Chapter ___11___</td></tr>
</table>

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Venator Materials PLC.

Venator Materials PLC
Venator Americas Holdings LLC
Venator Chemicals France SAS
Venator Chemicals LLC
Venator Finance S.à r.l.
Venator France SAS
Venator Germany GmbH
Venator Group
Venator Group Canada Inc.
Venator Group Services Limited
Venator Holdings Germany GmbH
Venator International France SAS
Venator International Holdings UK Limited
Venator Investments Ltd
Venator Investments UK Limited
Venator Materials International UK Limited
Venator Materials UK Limited
Venator Materials LLC
Venator P&A Finland Oy
Venator P&A Holdings UK Limited
Venator P&A Spain S.L.U.
Venator Pigments France SAS
Venator Uerdingen GmbH
Venator Wasserchemie Holding GmbH

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VENATOR FRANCE SAS, | ) Case No. 23-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Venator International Holdings UK Limited | Hanzard Drive, Titanium House, Stockton on Tees, Wynyard Park, TS22 5FD, United Kingdom | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VENATOR FRANCE SAS, | ) Case No. 23-[_____] (____) |
| | ) |
| Debtor. | ) |
| | ) |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Venator International Holdings UK Limited | 100% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Venator France SAS** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **05/14/2023** | ☒ */s/ Kurt Ogden* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Kurt Ogden** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**VENATOR FRANCE**
Société par actions simplifiée au capital de 59.994.980 euros
Siège social : 1, rue des Garennes, 62100 Calais
651 750 036 R.C.S. Boulogne-sur-Mer

(la « **Société** »)

---

**PROCES-VERBAL DE LA REUNION DU CONSEIL D'ADMINISTRATION EN DATE DU 13 MAI 2023**

---

L'an deux mille vingt-trois, le treize mai, les membres du conseil d'administration (le « **Conseil d'Administration** ») de la Société convoqués sur convocation verbale du Président de la Société et présents ou représentés en vertu des pouvoirs annexés aux présentes (*Annexe 1 – Pouvoirs*) ont établi le présent procès-verbal conformément aux termes des Statuts (tel que ce terme est défini ci-après).

Sont présents ou représentés :

- **Patricia Dumortier** de nationalité française, née le 25 juillet 1970 à Troyes (France) et demeurant 1 Impasse de la Briquette, 51390 Gueux  (France), Administrateur,

- **Richard Justin James Phillipson** de nationalité britannique, né le 10 octobre 1968 à West Hartlepool (Royaume-Uni) et demeurant 60 Northallerton Road-Brompton Northallerton DL 6 2QH (Royaume-Uni), Administrateur,

- **Bertrand Maurice André Defoort** de nationalité française, né le 22 juin 1982 à Lomme (France) et demeurant 17 Sevens Hills Court DL16 6fh Spennymoor (Royaume-Uni), Administrateur,

Le Conseil d'Administration constate que le quorum requis est atteint, dès lors que la moitié au moins des Administrateurs sont présents ou représentés, conformément à l'article 13.III. des Statuts et que par conséquent, le Conseil d'Administration peut valablement délibérer.

Le Conseil d'Administration rappelle que la Société envisage :

(i)     de conclure un accord de soutien à une procédure collective (*restructuring support agreement*) (le « **Restructuring Support Agreement** ») et/ou tout autre accord, certificat, instrument, procuration, lettre, formulaire, transfert, acte et autre document en vue d'une opération de restructuration ou d'une série d'opérations par lesquelles la Société apurerait ses dettes et autres passifs ; et

(ii)    de déposer des demandes de « *filing of a voluntary petition for relief* » (les « ***Bankruptcy Petitions*** ») et toutes formalités requises dans le cadre desdites Bankruptcy Petitions afin d'être placée sous la protection du chapitre 11 de la loi sur les

faillites des Etats-Unis (*chapter 11 of title 11 of the United States Code*) (le « **Code des Procédures Collectives** »),

(les paragraphes (i) et (ii) ensemble, étant entendus comme les « **Opérations de Restructuration** »)).

Le Conseil d'Administration rappelle également, que la Société, pourrait, dans le cadre des Opérations de Restructuration et si cela est dans l'intérêt de celle-ci, de toute partie prenante et de ses créanciers, être amenée :

(i)     à demander l'utilisation de ses *cash collaterals* (tel que ce terme est défini à l'article 363(a) du Code des Procédures Collectives) (les   « **Cash Collaterals** ») – qui constituent une garantie octroyée par la Société à certains de ses créanciers au titre de contrats de credits conclus préalablement à la mise en oeuvre des Opérations de Restructuration (les « **Prêteurs Garantis Initiaux** ») – aux termes, le cas échéant, de cash collateral order(s) (les « **Cash Collateral Order(s)** ») ; et

(ii)    à mettre en place un *debtor-in-possession financing obligations* (le « **Financement DIP** ») aux termes d'un superpriority senior secured debtor-in-possession term loan credit agreement (le « **Contrat de Crédits DIP** ») conforme aux termes énoncées dans le *DIP Term Sheet* (tel que ce terme est défini dans le Restructuring Support Agreement) (les prêteurs, l'agent administratif et l'agent collatéral aux termes du Contrat de Crédits DIP (l' « **Agent DIP** »)).

Afin d'utiliser et d'obtenir les avantages du Financement DIP et des Cash Collaterals, aux termes de l'article 363 du Code des Procédures Collectives, la Société devra fournir certaines protections aux Prêteurs Garantis Initiaux (les « **Obligations de Protection** ») telles que documentées dans les ordonnances finales et provisoires (ensemble, les « **Ordres de Financement** », ensemble avec le Contrat de Crédits DIP, les « **Documents de Crédits DIP** ») qui seront soumises pour approbation à la *Bankruptcy Court*, et le cas échéant, aux Prêteurs Garantis Initiaux afin de conclure les Ordres de Financement.

Le Conseil d'Administration rappelle que les emprunts et les obligations découlant du Contrat de Crédits DIP ainsi que les *Loan Documents* (tel que ce terme y est défini) sont dans l'intérêt de la Société et sont nécessaires à la réalisation de son objet social.

Le Conseil d'Administration rappelle aussi que les décisions prises par les présentes sont soumises et conditionnées à l'approbation par le conseil d'administration (*Board of directors*) de Venator Materials PLC du *chapter 11 case* et des résolutions y afférentes.

Le Conseil d'Administration met à disposition des membres du Conseil d'Administration :

–     une copie des statuts actuels de la Société (les « **Statuts** ») ;

–     le projet le plus récent du Restructuring Support Agreement ;

–     les projets les plus récents des Documents de Crédits DIP ;

–     les documents concernant la situation comptable de la Société,

–     les documents présentant les alternatives stratégiques dont dispose la Société ; et

–   les documents résumant les conséquences des Opérations de Restructuration sur les activités de la Société.

Il est également précisé par le Conseil d'Administration que les membres du Conseil d'Administration ont eu l'occasion de consulter, en tant que de besoin, la direction de la Société ainsi que ses conseils financiers et juridiques, au sujet notamment des documents susvisés, sans toutefois s'y limiter et d'obtenir toutes informations supplémentaires et d'examiner pleinement chacune des alternatives stratégiques qui s'offrent à la Société.

Le Conseil d'Administration rappelle que le Conseil d'Administration est appelé à délibérer sur l'ordre du jour suivant :

–   Approbation des conditions dans lesquelles les décisions sont prises ;

–   Approbation des Opérations de Restructuration et des Bankruptcy Petitions ;

–   Examen, approbation et autorisation de la conclusion du Restructuring Support Agreement ;

–   Examen, approbation et autorisation (i) de la conclusion des Documents de Crédit DIP, (ii) de l'octroi des Garanties aux termes des Documents de Crédit DIP et (iii) de la mise en place du Financement DIP et des Obligations de Protection y relatifs ;

–   Approbation, en tant que de besoin, de l'utilisation des Cash Collaterals et de la conclusion de tout Cash Collateral Order(s) ;

–   Autorisation, en tant que de besoin, des Conseils de la Société ; et

–   Pouvoir pour les formalités.

Personne ne demandant la parole, sont soumises au vote du Conseil d'Administration les décisions suivantes :

## PREMIERE DECISION

*Approbation des conditions dans lesquelles les décisions sont prises*

Le Conseil d'Administration, après avoir pris connaissance des Statuts, décide, en tant que de besoin, d'approuver expressément les conditions dans lesquelles les présentes décisions sont prises et déclare avoir pu prendre pleine et entière connaissance, en temps utile, de l'ordre du jour, du texte des projets de décisions et de tous documents et informations nécessaires à son information, préalablement à l'adoption des décisions qui suivent et renoncer à se prévaloir de toute irrégularité au titre des présentes décisions.

***Cette décision est adoptée à l'unanimité des membres du Conseil d'Administration présents ou représentés.***

## DEUXIEME DECISION

*Approbation des Opérations de Restructuration et des Bankruptcy Petitions*

Le Conseil d'Administration, après avoir pris connaissance du projet de Restructuring Support Agreement*, des Opérations de Restructuration envisagées, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide :

–   d'approuver, les Opérations de Restructurations (incluant notamment mais sans s'y limiter les opérations telles qu'envisagées dans le Restructuring Support Agreement) et les Bankruptcy Petitions ou toutes procédures nécessaires dans le cadre des Opérations de Restructuration et ou des Bankruptcy Petitions (en ce compris sans s'y limiter à toutes procédures ou requêtes prévues le Code des Procédures Collectives) et toutes formalités requises dans le cadre des Opérations de Restructuration, des Bankruptcy Petitions et/ou du Restructuring Support Agreement ;

–   d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société de tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à la mise en œuvre des Opérations de Restructuration ou y relatifs ;

–   d'autoriser le paiement de tous frais et de toutes dépenses en lien avec les Opérations de Restructuration ; et

–   de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société tous documents nécessaires à la mise en œuvre des Opérations de Restructuration et des Bankruptcy Petitions et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre la signature des Bankruptcy Petitions et la mise en œuvre des Bankruptcy Petitions et des Opérations de Restructuration et tous documents y afférents.

*Cette décision est adoptée à l'unanimité des membres du Conseil d'Administration présents ou représentés.*

## <u>TROISIEME DECISION</u>

*Examen, approbation et autorisation de la conclusion par la Société du Restructuring Support Agreement*

Le Conseil d'Administration, après avoir pris connaissance du projet de Restructuring Support Agreement*,* des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide :

–   d'approuver, en toutes ses stipulations, le projet de Restructuring Support Agreement ;

–   d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société du Restructuring Support Agreement ainsi que de tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à l'entrée en vigueur du Restructuring Support Agreement ou y relatifs ;

–   d'autoriser le paiement de tous frais et de toutes dépenses en lien avec le Restructuring Support Agreement ; et

–   de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société le Restructuring Support Agreement et tous documents y afférents et, plus

généralement, faire le nécessaire pour permettre la signature et la mise en œuvre de le Restructuring Support Agreement et tous documents y afférents.

***Cette décision est adoptée à l'unanimité des membres du Conseil d'Administration présents ou représentés.***

<u>**QUATRIEME DECISION**</u>

*Examen, approbation et autorisation (i) de la conclusion des Documents de Crédit DIP, (ii) de l'octroi des Garanties aux termes des Documents de Crédit DIP et (iii) de la mise en place du Financement DIP et des Obligations de Protection y relatifs*

Le Conseil d'Administration, après avoir pris connaissance du projet des Documents de Crédit DIP, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide, en tant que de besoin :

− d'approuver, en toutes leurs stipulations, les Documents de Crédit DIP ;

− d'approuver la mise en place du Financement DIP et de tout endettement découlant des termes des Documents de Crédit DIP ;

− d'approuver la mise en place des Obligations de Protection ;

− d'approuver l'octroi de sûretés et de garanties sur les actifs de la Société (incluant le *Collateral* (tel que ce terme est défini dans le Contrat de Crédits DIP)) aux termes des Documents de Crédit DIP (les « **Garanties** ») ;

− d'autoriser l'Agent DIP à déposer (*file*) tout Uniform Commercial Code (« **UCC** »), état de financement, tout autre équivalent et de déposer des cessions de garantie ou d'autres documents au nom de la Société qu'il pourrait juger nécessaire ou approprié pour valider tout privilège ou toute sûreté accordé(e) dans le cadre des Ordres de Financement, y compris tout état de financement UCC contenant une description générique de la garantie, telle que "tous les actifs", "tous les biens actuellement ou ultérieurement acquis", et de signer les autres documents au nom de la Société que l'Agent DIP juge nécessaires et d'autres descriptions similaires de même importance, et de signer et de délivrer, et d'enregistrer ou d'autoriser l'enregistrement de toutes hypothèques ou actes de vente afférents à ces hypothèques et actes de fiducie relatifs aux biens immobiliers et des autres documents relatifs à la propriété intellectuelle et à d'autres biens des sociétés, dans chaque cas, que l'Agent DIP pourrait demander pour parfaire les sûretés ou garanties en lien avec les des Ordres de Financement ;

− d'autoriser le paiement de tous les frais et dépenses payables en relation avec les Documents de Crédit DIP et tous les frais et dépenses encourus par ou pour le compte de la Société en relation avec les Documents de Crédit DIP, conformément aux termes des Documents de Crédit DIP ;

− d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société des Documents de Crédit DIP ainsi que tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à l'entrée en vigueur des Documents de Crédit DIP ou y relatifs (en ce compris notamment le Financement DIP et /ou les Obligations de Protection et l'octroi des Garanties) ; et

– de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société les Documents de Crédit DIP et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre la signature et la mise en œuvre des Documents de Crédit DIP ainsi que tous documents y afférents (en ce compris notamment le Financement DIP et /ou les Obligations de Protection et l'octroi des Garanties et le paiement de tous frais et de toutes dépenses y afférents) et pour (a) préparer tous les amendements, renonciations, consentements, suppléments ou autres modifications des Documents de Crédit DIP et/ou tous les autres accords, instruments, documents, avis et certificats constituant des annexes ou pouvant être requis, nécessaires, appropriés, souhaitables ou recommandés pour être signés et délivrés aux termes des Documents de Crédit DIP ou autrement autorisés en vertu de ceux-ci ou liés à ceux-ci auxquels la Société est partie, selon ce qui peut être nécessaire, pratique, souhaitable ou approprié à tout moment, lesdits amendements, renonciations, consentements ou suppléments pouvant prévoir des modifications ou des dérogations en vertu de ces accords ou documents et pouvant nécessiter des paiements de consentement, des frais ou d'autres montants payables à cet égard et (b) signer et délivrer les amendements, renonciations, consentements, suppléments ou autres modifications dans le cadre de ces accords ou documents nécessaires, pratiques, souhaitables, souhaitables ou appropriés en lien avec les Documents de Crédit DIP.

***Cette décision est adoptée à l'unanimité des membres du Conseil d'Administration présents ou représentés.***

## CINQUIEME DECISION

*Approbation, en tant que de besoin, de l'utilisation des Cash Collaterals et de la conclusion de tout Cash Collateral Order(s)*

Le Conseil d'Administration, après avoir pris connaissance du projet de Restructuring Support Agreement, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide, en tant que de besoin :

– d'approuver l'utilisation des Cash Collaterals et la conclusion de tout Cash Collateral Order(s) y relatif ;

– d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société de tout Cash Collateral Order(s) ainsi que tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à l'utilisation des Cash Collaterals et/ou à l'entrée en vigueur du Cash Collateral Order(s) (en ce compris la fourniture des Obligations de Protection aux Prêteurs Garantis Initiaux conformément aux dispositions de la section 363 du Code des Procédures Collectives, comprenant, notamment l'octroi de sûretés et/ou tout autre document ou contrat devant être conclu à cet effet relatifs, notamment à la conclusion des Documents de Crédit DIP) ;

– de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société tout Cash Collateral Order(s) et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre, le cas échéant, l'utilisation des Cash Collaterals et la signature et la mise en œuvre de tout Cash Collateral Order(s) et tous documents y afférent(s).

*Cette décision est adoptée à l'unanimité des membres du Conseil d'Administration présents ou représentés.*

## SIXIEME DECISION

*Autorisation, en tant que de besoin, des Conseils de la Société*

Le Conseil d'Administration, après avoir pris connaissance des Opérations de Restructuration, du projet de Restructuring Support Agreement*, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide, en tant que de besoin :

- d'autoriser le recours aux conseils suivants : (i) le cabinet d'avocats *Kirkland & Ellis LLP* en qualité de conseil général en matière de faillite (*general bankruptcy counsel*), (ii) le cabinet d'avocats Jackson *Walker LLP* en qualité de co-conseil en matière de faillite *(co-bankruptcy counsel)*, (iii) *Moelis & Company* en qualité de banquier d'affaires (*investment banker*), (iv) *Alvarez & Marsa*l en qualité de conseil en restructuration (*restructuring advisor*), (v) *Epiq Corporate Restructuring*, LLC en qualité d'agent de notification et de réclamation (*notice and claims agent*), et (vi) tout autre conseil juridique, comptable, conseil financier, conseil en restructuration ou autre professionnel jugé nécessaire dans le cadre des Opérations de Restructuration (les « **Conseils** ») afin que les Conseils représentent et assistent la Société dans l'accomplissement de ses devoirs et responsabilités et dans l'exercice de ses droits au titre notamment du Code des Procédures Collectives et/ou de toute autre loi applicable (en ce compris les cabinets d'avocats qui déposent des requêtes (*pleadings*) ou des réponses (*responses*)) ;

- d'autoriser les Conseils, à déposer, toutes les requêtes, annexes, motions, listes, plaidoiries et autre documents et à signer tous documents nécessaires et à prendre toutes mesures qu'ils pourraient, à leur entière discrétion juger nécessaires dans le cadre des Opérations de Restructurations ; et

- d'autoriser les Conseils à accomplir tous les actes nécessaires à la mises en œuvre des décisions approuvées par les présentes.

*Cette décision est adoptée à l'unanimité des membres du Conseil d'Administration présents ou représentés.*

## SEPTIEME DECISION

*Pouvoir pour les formalités*

Le Conseil d'Administration donne tous pouvoirs au porteur d'un original, d'une copie ou d'un extrait du présent procès-verbal à l'effet d'effectuer toutes formalités requises par la loi

*Cette résolution est adoptée à l'unanimité des administrateurs présents ou représentés.*

\*\*\*

Plus rien n'étant à l'ordre du jour, la séance a été levée.

De tout ce que dessus, il a été dressé le présent procès-verbal qui, après lecture, a été signé par les membres du Conseil d'Administration présents ou représentés.



**Le Président du Conseil d'Administration**
Patricia Uzanu Dumortier
Dûment représentée par Bertrand Maurice
André Defoort

**Membre du Conseil d'Administration**
Richard Justin James Phillipson
Dûment représenté par Bertrand Maurice
André Defoort

**Membre du Conseil d'Administration**
Bertrand Maurice André Defoort

**[Venator France SAS – PROCES-VERBAL DE LA REUNION DU CONSEIL
D'ADMINISTRATION]**

**Annexe 1 – Pouvoirs**

*Translation for information purposes only*

**PROCURATION**
*POWER OF ATTORNEY*

| | |
|---|---|
| **LES SOUSSIGNES :**<br>**Monsieur Richard Justin James Phillipson,** né le 10 octobre 1968 à West Hartlepool, (Royaume-Uni), demeurant 60 Northallerton road – Brompton Northallerton DL 62QH (Royaume-Uni); et | ***THE UNDERSIGNED:***<br>***Mr. Richard Justin James Phillipson,*** *born on 10 October 1968 in West Hartlepool (United Kingdom) and residing 60 Northallerton road – Brompton Northallerton DL 62QH (United Kingdom); and* |
| **Madame Patricia Uzanu Dumortier**, née le 25 juillet 1970 à Troyes demeurant 1 impasse de la Briquette - 51390 Gueux (France), | ***Mrs. Patricia Uzanu Dumortier,*** *born on 25 July 1970 in Troyes residing 1 impasse de la Briquette - 51390 Gueux (France),* |
| Agissant chacun en qualité de membre du Conseil d'administration de la société par actions simplifiée, VENATOR France S.A.S. au capital de 59.994.980 euros, dont le siège social est situé 1, rue des Garennes, 62100 CALAIS, immatriculée au registre du commerce et des sociétés de Boulogne-sur-Mer sous le numéro 651 750 036 RCS Boulogne-sur-Mer, | *Acting in their capacity as member of the Board of Directors of the limited liability company VENATOR France S.A.S., with a share capital of 59,994,980 euros with registered office at 1, rue des Garennes, 62100 CALAIS (France), registered with the registry of commerce and companies under the number 651 750 036 RCS Boulogne-Sur-Mer,* |
| Constituent pour mandataire spécial :<br>**Monsieur Bertrand Maurice André Defoort**, né le 22 juin 1982 à Lomme (France) et demeurant 17 Sevens Hills Court DL16 6fh Spennymoor (Royaume-Uni), membre du Conseil d'administration, | *Hereby appoint as attorney-in-fact:*<br>***Mr. Bertrand Maurice André Defoort,*** *born on 22 June 1982 in Lomme (France) residing 17 Sevens Hills Court DL16 6fh Spennymoor (United Kingdom), member of the Board of Directors,* |
| A l'effet de les représenter le **13 mai 2023** dans le cadre de la consultation du Conseil d'administration sur l'ordre du jour suivant : | *In order to represent them on* **13** *May 2023 in the framework of the consultation of the Board of Directors in relation to the following agenda:* |
| –    Approbation des conditions dans lesquelles les décisions sont prises ; | –    Approval of the conditions under which the decisions are adopted; |
| –    Approbation des Opérations de Restructuration et des Bankruptcy Petitions ; | –    Approval of Restructuring Transactions and Bankruptcy Petitions; |
| –    Examen, approbation et autorisation de la conclusion du Restructuring Support Agreement ; | –    Review, approval and authorization of the execution of the Restructuring Support Agreement; |
| –    Examen, approbation et autorisation (i) de la conclusion des Documents de Crédit DIP, (ii) de l'octroi des Garanties aux termes des Documents de Crédit DIP et (iii) de la mise en place du Financement DIP et des Obligations de Protection y relatifs ; | –    Review, approval and authorization of (i) the execution of the DIP Facility Documents, (ii) the granting of the Guarantees under the DIP Facility Documents and (iii) the establishment of the DIP Financing and the related Protection Obligations; |

*Translation for information purposes only*

| | |
|---|---|
| – Approbation, en tant que de besoin, de l'utilisation des Cash Collaterals et de la conclusion de tout Cash Collateral Order(s) ; | – Approval, as applicable, of the use of the Cash Collaterals and the entering into of any Cash Collateral Order(s); |
| – Autorisation, en tant que de besoin, des Conseils de la Société ; et | – Authorization, as applicable, of the Company's Advisors; and |
| – Pouvoir pour les formalités. | – Power for formalities. |

Et à l'effet de signer en leur nom et pour leur compte, le cas échéant, le procès-verbal de la réunion du Conseil d'administration correspondant.

Fait à Boulogne-Sur-Mer
le 12 Mai 2023

DocuSigned by:

79AEAD344E1443D...
_____
**Monsieur Richard Justin James Phillipson**

DocuSigned by:

A8900225C68F4A6...
_____
**Madame Patricia Uzanu Dumortier**

*And grants the power, in our name and on our behalf to sign the corresponding minutes of the Board meeting.*

*Executed in Boulogne-Sur-Mer*
*On 12 May 2023*

_____
***Mr. Richard Justin James Phillipson***

_____
***Mrs. Patricia Uzanu Dumortier***